[No. 21162.  In Bank—February 12, 1894.]

## THE PEOPLE, RESPONDENT, *v.* EUGENE F. WEST, APPELLANT.

CRIMINAL LAW—EVIDENCE—PRIVILEGED COMMUNICATIONS—PATIENT AND PHYSICIAN.—The rule as to privileged communications between patient and physician is limited to civil actions, and does not apply in criminal cases.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

*J. N. E. Wilson, Myer Jacobs,* and *Robert Ferral,* for Appellant.

The rule as to privileged communications between patient and physician does not apply in criminal cases. (Code Civ. Proc., sec. 1881, subd. 4; *People* v. *Lane,* 101 Cal. 513; *Freel* v. *Market St. etc. R. R. Co.,* 97 Cal. 40; *People* v. *Harris,* 136 N. Y. 448; *State* v. *Depoister,* 21 Nev. 107; *Pierson* v. *People,* 79 N. Y. 433; 35 Am. Rep. 524; *Commonwealth* v. *Leach,* 156 Mass. 99.)

*District Attorney W. S. Barnes, Assistant District Attorney A. P. Black,* and *Attorney General W. H. H. Hart,* for Respondent.

BELCHER, C.—The defendant was charged with the murder of one Addie Regent Gilmour, and found guilty of murder in the second degree.  The judgment was

that he be punished by imprisonment in the state prison for the term of twenty-five years, from which judgment and an order denying his motion for a new trial he appeals.

It is contended for appellant that the court committed several errors of law in its rulings as to the qualification of certain parties to sit as jurors in the case, and in the admission and exclusion of evidence, but in view of the conclusion reached only one of these alleged errors need be considered.

The theory of the prosecution was that the deceased, Miss Gilmour, was pregnant, and went to the defendant, who was a physician in San Francisco, to have him procure for her a miscarriage, and that defendant by some unlawful means did procure the miscarriage, and thereby cause her death a few days later.

The theory of the defense, on the other hand, was that the miscarriage was effected by some one else before the deceased went to the house of defendant, and that he as a physician received her there and did all he could to relieve her sufferings and save her life.

To sustain his theory defendant called as a witness Dr. R. D. Johnson, who was a licensed physician and was willing to testify. No objection to his testifying was interposed by the prosecution, but the court said:

"If what has come to him has come purely in a professional way, the declared policy of the law would exclude it here, whether it be objected to or not; it is my duty to exclude it, if that is so."

Then addressing the witness the court asked:

"Is it so that all you know has come to your knowledge in the course of your profession, as to the physical condition of the woman, and you are called upon to tell what you found out as her physician; is that all you know"?

"A. Yes, sir."

Again the court asked:

"And whatever you know about the deceased woman, is it or not the fact that whatever you know was in-

formation you obtained in attending her as your patient "?

"A. Yes, sir."

Thereupon the court excluded the evidence of the witness, and said:  .

" You cannot be examined, doctor; you can retire."

Counsel for defendant then made the following offer:

" We offer to prove by Dr. R. D. Johnson that this lady called upon him; we offer to prove what her condition was at that time by a personal examination which she requested him to make; we offer to prove that he made the examination; we offer to prove what he found, and then we offer to prove that he refused to attend her, and that he told her certain things. We offer to prove all this, and what her condition was at that time, and that it was prior to the time that this lady went to Dr. West's."

"*The Court.* Very well. I rule it out."

An exception was reserved, and these rulings are assigned as errors.

Shortly after this case was tried the case of *People* v. *Lane,* 101 Cal. 513, was before this court, and in the decision thereof it was said: " It is urged that the court erred in allowing the prosecution to cross-examine Dr. Danforth as to the nature of the complaint for which he treated the defendant. It is claimed that the testimony was irrelevant, immaterial, and incompetent, being a privileged communication between patient and physician. There is no merit in the contention. The rule as to privileged communications between patient and physician does not apply in criminal cases. The chapter on witnesses in the Code of Civil Procedure limits the rule to *civil actions* (sec. 1881, subd. 4), and the Penal Code, which expressly preserves the rule as to husband and wife in the chapter determining who may be witnesses in criminal actions, makes no mention of physician and patient. (*Freel* v. *Market St. Ry. Co.,* 97 Cal. 40.) At common law the rule as to physicians was not observed in either civil or criminal cases. (3 Rice on

Evidence, sec. 209.) The statutory privilege was not conferred to shield a person charged with the murder of another (*People* v. *Harris*, 136 N. Y. 448), and it certainly was not intended to be used as a weapon against one charged with crime."

That decision was made in Department One of the court, but a hearing in Bank was afterward asked for and denied.

The decision is clearly applicable to this case and decisive of the question in hand; and on the authority of it the judgment and order appealed from should be reversed and the cause remanded for a new trial.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed, and cause remanded for a new trial.

TEMPLE, J.,      McFARLAND, J.,
GAROUTTE, J.,   HENSHAW, J.,
HARRISON, J.

BEATTY, C. J., concurring.—I concur. Section 1321 of the Penal Code is as follows: " The rules for determining the competency of witnesses in civil actions are applicable also to criminal actions and proceedings, except as otherwise provided in this code."

What, then, are the rules for determining the competency of witnesses in civil actions?

The general rule is prescribed in section 1879 of the Code of Civil Procedure, as follows:

" SEC. 1879.   All persons, without exception, otherwise than is specified in the next two sections, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses. Therefore, neither parties nor other persons who have an interest in the event of an action or proceeding are excluded; nor those who have been convicted of crime; nor persons on account of their opinions on matters of religious belief; although in every case

the credibility of the witness may be drawn in question, as provided in section 1847."

This, then, is the rule: that all persons, without exception, otherwise than is specified in the next two sections, may be witnesses, and the only question is to determine what is otherwise specified in those sections, which read as follows:

"SEC. 1880.   The following persons cannot be witnesses: 1. Those who are of unsound mind at the time of their production for examination; 2. Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly; 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person."

"SEC. 1881.   There are particular relations in which it is the policy of the law to encourage confidence, and to preserve it inviolate; therefore, a person cannot be examined as a witness in the following cases: 1. A husband cannot be examined for or against his wife, without her consent, nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other;   2. An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment;   3. A clergyman or priest cannot, without the consent of the person making the confession, be examined as to any confession made to him in his professional character in the course of discipline enjoined

by the church to which he belongs; 4. A licensed physician or surgeon cannot, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient; 5. A public officer cannot be examined as to any communications made to him in official confidence, when the public interests would suffer by the disclosure."

Obviously, section 1880 has no bearing on the question of the admissibility of Dr. Johnson's testimony, and the only provision of the following section that bears directly upon it is that contained in subdivision 4, which, by its express terms, is limited to civil actions.

Such, then, is the rule, and such its limitation, as to physicians and surgeons. Except in civil actions they may be examined as to information acquired in attending a patient.

The construction contended for by respondent would simply eliminate from the statute the words " in a civil action" which the legislature has *ex industria* made applicable to the privileges of a physician or surgeon, as is evident- from the fact that they are omitted in the clauses relating to attorneys, clergymen, or priests, public officers, and persons sustaining marital relations to the parties.

This construction of the statute is not only sustained by the plainest rules of construction, but accords with the common law, and with the interests of truth and justice.

VAN FLEET, J., concurred.