[Crim. No. 281.   Department One.—August 19, 1897.]

## THE PEOPLE, RESPONDENT, v. CHARLES G. WARNER, APPELLANT.

CRIMINAL LAW— RAPE—EVIDENCE — PRIVILEGED COMMUNICATIONS—HUSBAND AND WIFE — CONSTRUCTION OF CODE.—Subdivision 1 of section 1881 of the Code of Civil Procedure, protecting communications between husband and wife as privileged, except in a civil action or proceeding by one against the other, and in a criminal action or proceeding, for a crime committed by one against the other, applies to all civil and criminal actions, other than those expressly excepted; and a defendant accused of the crime of rape cannot properly be questioned, upon cross-examination, as to communications made to his wife bearing materially upon the question of guilt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial   GEORGE H. BAHRS, Judge.

The facts are stated in the opinion of the court.

*Carson & Savage,* and *Edwin M. Sweeney,* for Appellant.

The conviction upon the unsupported evidence of the prosecutrix, under circumstances tending to throw discredit on her testimony, cannot stand. (*Lind* v. *Closs,* 88 Cal. 6; *People* v. *Benson,* 6 Cal. 221; 65 Am. Dec. 506; *People* v. *Hamilton,* 46 Cal. 540; *People* v. *Ardaga,* 51 Cal. 371; *People* v. *Castro,* 60 Cal. 118.) The communications of the husband to his wife were privileged, and were not proper evidence. (Code Civ. Proc., sec. 1881, subd. 1; *People* v. *Mullings,* 83 Cal. 138; 17 Am. St. Rep. 223; *Bassett* v. *United States,* 137 U. S. 496, 504.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

A conviction for rape may be had upon the uncorroborated evidence of the prosecutrix. (*People* v. *Stewart,* 90 Cal. 212; *People* v. *Mayes,* 66 Cal. 597; 56 Am. Rep. 126; *People* v. *Mesa,* 93 Cal. 580; 2 Bishop's Criminal Procedure, sec. 962; *People* v. *Connor,* 9 N. Y. Supp. 674; *Bailey* v. *Commonwealth,* 82 Va. 107; 3 Am. St. Rep. 87; *Fry* v. *Commonwealth,* 82 Va. 334; *People* v. *Lenon,* 79 Cal. 625.) The limitation of privileged communications is confined to civil actions, and does not apply to criminal proceedings. (*Commonwealth* v. *Nichols,* 114 Mass. 285; 19 Am. Rep. 346; *Woburn* v. *Henshaw,* 101 Mass. 193; 3 Am. Rep. 333; *People* v. *Lane,* 101 Cal. 513; *People* v. *West,* 106 Cal. 89; *Freel* v. *Market Street etc. Co ,* 97 Cal. 40; *State* v. *Buffington,* 20 Kan. 599; 27 Am. Rep. 193.)

VAN FLEET, J.—Appeal by defendant from a judgment convicting him of rape, and an order denying him a new trial.

Defendant took the witness stand in his own behalf, confining his testimony, on his direct examination, to a denial of the commission of the offense, a statement of his version of the occurrences on the night of the alleged assault, which was claimed to have occurred in his own house, and as to certain other facts occurring before arrest. On cross-examination, the prosecution was permitted, against defendant's repeated and strenuous objection that the matter was incompetent and not in cross-examination, to interrogate and examine him at length as to certain communications by letter made by him to his wife after his arrest, relating to the charge against him, and which it is conceded bore materially on the question of guilt, but which communications had in no way been referred to by him on his direct examination. It is contended that this action of the court constituted material error tending to de-

fendant's prejudice, which requires a reversal, and this contention must unquestionably be sustained.

Conceding that the statements inquired into had a tendency to contradict defendant's denial of the commission of the offense, and that under the doctrine of *People* v. *Rozelle,* 78 Cal. 84, 91, the subject had been sufficiently opened by such denial to make the inquiry admissible upon cross-examination, its admission was nevertheless in direct contravention of the provision of the statute protecting communications between husband and wife as privileged. Subdivision 1 of section 1881 of the Code of Civil Procedure provides: "A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other."

It is claimed that this provision prescribes a rule of evidence for civil but not for criminal actions. But this has been explicitly held otherwise in the quite recent case of *People* v. *Mullings,* 83 Cal. 138; 17 Am. St. Rep. 223. Moreover, the terms of the provision itself negative any such limitation. The closing language of the subdivision, that "this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding *for a crime committed by one against the other,*" shows by necessary implication that the protecting shield of the statute was intended to apply in all other cases than those excepted.

The cases of *People* v. *Lane,* 101 Cal. 513, and *People* v. *West,* 106 Cal. 89, relied upon as overruling *People* v. *Mullings, supra,* have not that effect. What is said in those cases refers to subdivision 4 of section 1881, relating to communications between physician and patient, and

does not affect the construction or application of subdivision 1 of that section.

Nor is there anything in the suggestion that the objection was insufficient in form to include the ground now urged. (*People* v. *Mullings, supra.*) Besides, the record discloses that the precise point now made, that the communications were privileged, was, in fact, expressly called to the attention of the court below.

Since the case must go back for a new trial, it is unnecessary, and we deem it inexpedient, to discuss at this time the question as to the sufficiency of the evidence to warrant a conviction; and as to the other errors relied upon, they may not again arise.

Judgment and order reversed, and cause remanded for a new trial.

GAROUTTE, J., and HARRISON J., concurred.