(No. 6359.   February 11, 1937.)

STATE, Respondent, v. LOVELL HOWARD, Appellant.

[65 Pac. (2d) 764.]

A. G. Sathre, for Appellant.

Bert H. Miller, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

MORGAN, C. J.—Appellant was convicted of murder in the first degree and was sentenced to the penitentiary for life. He has appealed from the judgment and from an order denying his motion for a new trial.

Respondent has moved to strike the transcript from the files on the ground that it is not certified, as required by I. C. A., sec. 19–2712, which requires the clerk of the district court to prepare the record on appeal and certify it to be true and correct. The transcript has not been certified, as by that section required, but it does contain a certificate by the clerk that the copy of the information, the verdict, the judgment, the instructions given and those requested and refused, the motion for a new trial and the order denying the same, the notice of appeal, the court minutes pertaining to the trial, the order directing the court reporter to prepare the transcript, and the reporter's transcript, all of which are the records and files in the case, were submitted to the judge and by him used on the hearing of the motion for a new trial and constitute all the records, papers and files used or considered by said judge on such hearing. This certificate is not the one contemplated by sec. 19–2712 and, while it is sufficient for the purposes of the motion for a new trial, had appeal from the order denying it been taken in time (which it was not, as hereafter shown) it cannot be used to establish the authenticity and correctness of the transcript on appeal from the judgment. This transcript was prepared by direction of appellant and, because of the gravity of the offense of which he was convicted, we have not stricken it from the files, but

have examined it for the purpose of ascertaining whether or not error has been committed to his prejudice.

Respondent has moved to dismiss the appeal from the order denying the motion for a new trial on the ground that the notice of appeal from that order was filed too late. Section 19–2705 provides: "An appeal from a judgment must be taken within ninety days after its rendition, and from an order, within sixty days after it is made." The order denying the motion for a new trial was made and judgment of conviction was rendered November 29, 1935. The notice of appeal from the judgment and the order, was filed January 29, 1936, sixty-one days after entry thereof. The appeal was taken in time, so far as the judgment is concerned, but too late to invoke the jurisdiction of this court to review the order denying a new trial. The motion to dismiss the appeal from the order denying a new trial is granted.

Appellant has assigned as error the overruling of his demurrer to the information, the overruling of his challenge to the jury panel and the overruling of his motion in arrest of judgment. Neither the demurrer, the challenge, nor the motion is to be found in the record, nor does it appear what grounds were relied on. These assignments of error present nothing for review.

It is specified that the court "erred in refusing to permit the defendant to introduce evidence establishing the facts offered to be proved in the offer of proof made by the defendant (ff.800–803)." An examination of the record at folios 800 to 803 fails to show any offer of proof. It does appear an effort was made to show the man appellant was accused of having murdered had made a statement to the effect that one of the witnesses for the state was dependent on him for a living. This testimony was rejected and it is not pointed out, nor are we able to discover, wherein it was material. The ruling excluding the testimony was correct.

Appellant has assigned as error the action of the court in admitting in evidence, exhibits "C" to "S," inclusive, by making a statement that the court erred in admitting these exhibits and by citing the folios of the transcript showing their admission. He has not pointed out why the exhibits should not have been admitted nor wherein their admission

invaded any of his rights. While these specifications of error are so vague as to be of little assistance to us, we have carefully examined the record and find no error in the admission of the exhibits.

Complaint is made that the prosecuting attorney was guilty of misconduct in the examination of one of the state's witnesses "by insinuations, innuendos, harmful suggestions, and attempts by said prosecution to testify for the witness, in an attempt to have it appear to the jury, that witness saw defendant making some maneuver or effort to secure the knife just prior to the cutting; said conduct of the prosecution being highly prejudicial to the rights of the defendant if not amounting to reversible misconduct, and was solely an attempt to force the witness to testify to something that never did or could have happened as other testimony of this witness specifically shows." We have not been able to find anything in the record to justify this assignment of error.

Appellant complains of the action of the court in permitting the prosecuting attorney "to, at will, call, withdraw and recall witnesses Finger, Seagraves, Brown, Wimmer, Barrett and Leighton as it had a tendency to deprive the defendant of the right to cross-examination and was highly prejudicial to rights and tended to defeat the rule, of a fair and impartial trial. "

The right to cross-examine the state's witnesses was not denied appellant, and he was given the opportunity to do so at the time of the interruption of the direct examination, or at the close thereof, as he saw fit.

It is specified the court erred in refusing to give appellant's requested instruction numbered 1. The substance thereof is to be found in the instructions given by the judge, of his own motion, and the refusal to give it was not, therefore, erroneous.

The giving of instructions numbered 11, 12, 15 and 16 is assigned as error, but it is not pointed out wherein they are erroneous, and we find no error in them.

Appellant specifies the verdict and judgment are contrary to the law and the evidence. This assignment is without merit. An examination of the record convinces us appellant

had a fair and impartial trial and was properly convicted. The judgment is affirmed.

Holden, Givens and Ailshie, JJ., concur.

Petition for rehearing denied.