[Crim. No. 509.   Fourth Appellate District.—March 17, 1938.]

THE PEOPLE, Respondent, v. RICHARD CHARLES RICHARDSON, Appellant.

J. M. Lopez for Appellant.

U. S. Webb, Attorney-General, for Respondent.

MARKS, J.—Defendant was convicted of negligent homicide and has appealed from the judgment pronounced upon him. He presents three grounds for reversal of the judgment; insufficiency of the evidence to support the verdict and judgment; error in overruling his objections to the admission of evidence; error in refusing to give an instruction requested by him.

On October 5, 1937, Richardson, Roy Anderson, and two young women were riding south on highway 99 in an automobile belonging to defendant. A truck with a trailer attached was preceding them on the west half of the paved portion of the highway. Another automobile, belonging to Thomas E. Moon, was approaching, traveling north on the east half of the paved portion of the highway. When this automobile was opposite the rear of the truck, defendant's automobile attempted to pass the truck and trailer and was driven over to the east half of the roadway and into the Moon car. Roy

Anderson was killed and the two young women were injured in the collision.

■ Defendant's attack on the sufficiency of the evidence is based upon the sufficiency of the proof that he was driving his automobile at the time of the accident. For a number of days after the accident both young women told numerous persons that Roy Anderson was driving at the time of the accident. They then changed their stories and told all interested persons that defendant was the driver. They so testified at the trial. They explained their conflicting statements as follows: that immediately after the accident defendant told them that he would get into trouble if it were discovered that he was the driver; that Anderson was dead and could not be punished for the wreck; that defendant asked them to say that Anderson was driving; that they agreed to do this, and did so, until they learned that they would be called as witnesses and would have to testify under oath, when they decided they would have to tell the truth. They told defendant of this decision and thereafter told all concerned and testified that defendant was the driver.

This impeachment of these two witnesses merely went to the weight of the evidence. The jury accepted their testimony that defendant was driving the car at the time of the accident as true, which is binding on this court on appeal. It should be remarked that there was strong circumstantial evidence tending to show that Anderson was not the driver of the automobile at the time of the accident.

■ The People offered in evidence numerous exhibits to the introduction of which defendant objected on the ground that none of them tended to prove or disprove any issue in the case. These exhibits are not in the record. Descriptions of them given by witnesses indicate that they consisted of photographs of the tracks made by defendant's car when it went from its right to its left side of the highway, various photographs of defendant's and of the Moon automobile, a piece of metal from the inside of the right door of defendant's car that was found with the clothing worn by Anderson, some hair from a tack taken from the right side of defendant's car, and a sample of Anderson's hair. These exhibits were material and competent. Some of them tended to prove that the automobile of defendant was driven from its right to its left side of the highway and into Moon's car. Others tended to corroborate the testimony of the two young women that

defendant was driving his automobile and to contradict his testimony that Anderson was the driver. There was no error in overruling defendant's objection to the introduction of these exhibits in evidence.

There was no error committed in refusing the instruction proposed by defendant. It was not a correct statement of the law. Its subject-matter was covered by other proper instructions given by the trial court.

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.