[Crim. No. 3761. Second Dist., Div. Three. Feb. 10, 1944.]

THE PEOPLE, Respondent, v. JOHN DUTTON, Appellant.

John Dutton, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

DESMOND, P. J.—Appellant was found guilty by a jury of violating section 288a of the Penal Code on three separate occasions, all counts involving the same individual, an eleven-year-old boy. The court refused to grant appellant probation and sentenced him to the penitentiary.

Although the record indicates that no motion for a

new trial was made in defendant's behalf, he appeals, according to the notice in the clerk's transcript, "from the order denying his motion for a new trial and from the judgment," claiming that the jury's verdict is contrary to law and the evidence and that the court erred in permitting a physician attached to the Los Angeles city police force to testify as to an interview had with him after his arrest. This interview, he claims, was a privileged communication as between physician and patient. The claim is not well grounded for various reasons, among them the following: the physician was not his physician but a psychiatrist employed as a member of the police force to "interview all the cases arrested on sex charges"; a third person, a police officer, was present at the interview, and therefore any communications then made could not be considered confidential (27 Cal.Jur. 53); further, the claim of privilege as between physician and patient is limited to civil cases and is not cognizable in a criminal proceeding. (See Code Civ. Proc., sec. 1881, subd. 4, and *People* v. *West*, 106 Cal. 89 [39 P. 207].)

Appellant's contention that the verdict is contrary to the evidence, and particularly that "the People's evidence is so incredible as to be unworthy of belief and therefore amounts to no evidence at all," falls of its own weight when one reads the record. In our opinion the evidence in this case is not incredible, and appellant has not called our attention to a single item or circumstance to support his claim that it is. The boy, who had been on friendly terms with the appellant for a considerable period of time, described in detail the events complained of; and although cross-examined at length by experienced counsel he never wavered in his story or contradicted himself. In addition, a police officer testified that after arresting appellant he informed him of the charge against him, quoting the language of the statute, and asked him if he had anything to say about the boy's story and the complaint which had been issued. "My exact words were, 'Are these statements true?' And he said, 'Yes, they are true'; that he might as well tell the truth about it." Another officer corroborated this testimony, and the appellant, while denying the charges as made and the admissions of his guilt as detailed by the arresting officer, still upon cross-examination, testified as follows: "Q. Did he ask you whether you had done this with Lloyd or not? A. I don't recall whether he did or not. Q. You wouldn't say

he did and you wouldn't say he did not? A. No, sir. Q. Then it is possible you might have told him that you did have this act with Lloyd? A. I think if I had said it in any way I would remember it. I don't remember saying anything like that.'' This last answer while not an admission that appellant had confessed his guilt to the officer was certainly not the direct and positive denial which one would expect from a man entirely innocent, and it is quite probable, we think, that the jury appraised it at its true value. The psychiatrist of the police department also testified that appellant admitted his guilt to him.

The boy testified that on one of the occasions mentioned in the complaint, when he was visiting at a ranch in Los Angeles County, appellant and he went into a wooded section and that there appellant took pictures of him in the nude; that he undressed at appellant's request. Upon being confronted, in cross-examination, with a letter which he had written the boy, appellant's attention was called to the incident of taking pictures at the ranch and the district attorney inquired concerning a passage in the letter as follows: ''Q. Another place in the letter you say, 'Please don't say any more about those pictures and tear this up when you finish reading it.' You have it underlined. Twice you have that in there. A. Yes, I see it. Q. Was there any reason why you put that in there? A. No.'' Under the circumstances it is not surprising that the jury rejected the denials of the defendant.

■■ In his brief appellant argues as follows: ''As has been stated many times by our courts, a charge of this kind can easily be made but very difficult to disprove. We must look with caution upon the testimony of the complaining witnesses, since by the very nature of the charge there is usually no corroboration of the acts complained of. The fact that no complaint was made by the boy Lloyd for quite some period of time after the alleged acts took place, without some logical reason for his failure to do so, would lend support to the assumption that these acts did not occur.'' As to the latter part of the argument it may be said that it has no convincing force; as to the first part the answer is that the court in charging the jury gave the following instruction: ''Cautionary Instruction (Sex Offenses Involving Minors.) By reason of the fact that charges of the nature

involved in this case can easily be made and are often difficult to disprove, I instruct you that it is your duty to examine with caution the testimony of the prosecuting witness. The fact that the charge here made, however, is one difficult to disprove should not deter you from rendering a verdict of guilty in the event that you are convinced by the evidence beyond a reasonable doubt that the defendant is guilty as charged."

All three judgments are affirmed. The appeal from the asserted order of the court denying a motion for a new trial is dismissed.

Shinn, J., and Wood (Parker), J., concurred.