584 P.2d 643

Roy I. FRANK and Phillis Frank, husband and wife, Plaintiffs-Appellants,

v.

The CITY OF CALDWELL, Idaho, Defendant-Respondent.

No. 12432.

Supreme Court of Idaho.

Sept. 28, 1978.

Matthews, Lee & Wilson, Andrew G. Wilson, Boise, for plaintiffs-appellants.

Ronald P. Rainey of Alexanderson, Davis, Rainey & Whitney, Caldwell, for defendant-respondent.

BAKES, Justice.

Plaintiff appellants Roy and Phillis Frank sued defendant respondent City of Caldwell, alleging that Phillis was injured as a result of a city police officer's negligent conduct in arresting and attempting to take her into custody. A jury found for the city. On appeal, the Franks challenge an evidentiary ruling and an instruction given to the jury. We affirm.

On January 17, 1973, Officer Jerry Hamilton of the Caldwell Police Department was dispatched to intercede in a family dispute. Phillis Frank and her daughter and son-in-law, Vickie and James Lynch, were engaged in an emotional argument in the Lynch apartment. Phillis felt that the Lynches were not providing adequate care for their baby, and she wished to take her grandson home with her. The Lynches were not amenable. Officer Hamilton asked Phillis to leave the Lynch apartment, but she refused. Hamilton placed Phillis under arrest and directed her to accompany him from the apartment. Again she refused. Phillis was injured in the course of Hamilton's attempt to remove her.

The Franks sued the City of Caldwell, alleging that Officer Hamilton's negligence caused Phillis's injuries. The case was tried to a jury. Over a hearsay objection, the trial court permitted Hamilton to testify that James Lynch told him that Phillis had come to the Lynch home and wanted to take the baby. Phillis herself testified to the same facts.

The trial court instructed the jury that a state statute (I.C. § 18–705) provided punishment for one who willfully resisted, delayed, or obstructed a peace officer in the exercise of his duties. The court further instructed that violation of the statute was negligence unless circumstances beyond a party's control prevented compliance.

The jury returned a general verdict for the city. Responding to special verdict inquiries, the jury found that the city was not negligent and that Phillis Frank was negligent. The court entered judgment accordingly.

On appeal, the Franks contend that the trial court erred by admitting hearsay testimony and by instructing the jury that Phillis was negligent if she violated the statute that prohibited resisting an officer in the exercise of his duty. Turning first to the evidentiary matter, it is clear that Officer Hamilton could properly testify to what James Lynch told him concerning the nature of the dispute between the Lynches and Phillis Frank. The hearsay rule excludes evidence of out-of-court statements only when offered to prove the truth of the matter asserted by the out-of-court declarant. See G. Bell, Handbook of Evidence for the Idaho Lawyer 128 (2d ed. 1972); E. Cleary, McCormick's Handbook of the Law of Evidence § 249 (2d ed. 1972). Evidence of a statement is not excludable as hearsay when offered to show the information that a person who heard the statement had at the time of his or her subsequent conduct, as bearing upon the reasonableness of that conduct. E. Cleary, supra, § 249; see Patino v. Grigg & Anderson Farms, 97 Idaho 251, 542 P.2d 1170 (1975). Here, Lynch's statements regarding the controversy transpiring in his apartment were relevant to the reasonableness of Officer Hamilton's conduct in arresting and taking custody of Phillis Frank. Cf. Clark v. Alloway, 67 Idaho 32, 170 P.2d 425 (1946) (statements of third person to police admissible in malicious prosecution action to show officers had probable cause to institute prior criminal proceedings). It would have been appropriate for the trial court, in admitting Lynch's statements, to instruct the jury to consider them only as they bore upon the reasonableness of Officer Hamilton's actions. However, since Phillis Frank herself testified to substantially the same facts as were asserted by Lynch's statements, any such failure to instruct, if error at all, would have been harmless.

The Franks' second assignment of error is likewise not a basis for reversal. Though it would appear that the court was correct in instructing the jury that Phillis should be found negligent if she inexcusably violated the statute that forbids resisting arrest, we need not decide that question. Even if the instruction was improper, this would bear only upon the jury's finding that Phillis acted negligently. However, a plaintiff's due care does not a cause of action make. The jury specifically found that the city—*i. e.,* Officer Hamilton—was not negligent. This finding is logically unrelated to the questioned instruction and presumably would have been made even if the instruction had not been given. Hence, the error, if any there was, must be considered harmless. *See Gayhart v. Schwabe,* 80 Idaho 354, 330 P.2d 327 (1958).

Affirmed. Costs to respondents.

SHEPARD, C. J., and McFADDEN, DONALDSON and BISTLINE, JJ., concur.