628 P.2d 1065

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert F. LARKIN, Defendant-Appellant.**

**No. 13198.**

Supreme Court of Idaho.

June 1, 1981.

Peter D. McDermott, Pocatello, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, Garth Pincock, Sp. Deputy Atty. Gen., Pocatello, for plaintiff-respondent.

DONALDSON, Justice.

This is an appeal from an order of the district court dismissing an application for post-conviction relief of defendant-appellant Robert F. Larkin. The defendant-appellant petitioned the district court to review and set aside his sentence for a jury conviction of the second degree murder of Roger Ellsworth. The application was based on Larkin's allegation that he received ineffective assistance of counsel in preparation for and during his trial. Larkin also made a motion for his production as a witness at a post-conviction relief evidentiary hearing. The state made a motion for summary disposition of Larkin's application pursuant to I.C. § 19–4906(c) and filed an affidavit by Larkin's trial counsel.

Following a hearing on Larkin's motion for production and the state's motion for summary disposition, the district court denied Larkin an evidentiary hearing and gave notice that it intended to dismiss defendant's application pursuant to I.C. § 19–4906(b) on the grounds that the uncontroverted affidavit of trial counsel indicated that adequate assistance of counsel had been provided. Before the court filed its order, Larkin filed an affidavit and the state filed a second affidavit by Larkin's trial counsel. Based on the court's review which included Larkin's affidavit and both affidavits of his trial counsel,[1] the court

---

1. Larkin attached to his appellate brief another affidavit executed by himself. Additionally, the transcript on appeal contains a copy of a letter from Larkin to his attorney on appeal. Since

dismissed Larkin's application for post-conviction relief. Larkin appeals from the order denying his motion for an evidentiary hearing and dismissing his application.

Larkin contends in his application for post-conviction relief and affidavit that his trial counsel was inadequately prepared for trial as indicated by his failure to locate or timely subpoena several allegedly important witnesses. Along with the contentions raised by Larkin's affidavit, he states that he concluded it would not benefit his defense to present witness Hite to his trial counsel since his trial counsel had said that other eyewitnesses would not be helpful. Additionally, Larkin states that he was not aware of witness Gates' potential testimony until after his trial. His affidavit identifies several witnesses and what Larkin believed their testimony would have been. Besides Larkin's affidavit, the trial court reviewed two affidavits executed by his trial counsel. In the trial counsel's affidavits, he describes how he interviewed or attempted to locate the witnesses. Based on his interviews, he had concluded that those witnesses' testimony would be either irrelevant, not helpful, or damaging to Larkin's defense. Trial counsel also attached to his first affidavit a subpoena that was issued the day prior to trial for several of the witnesses in question. The trial counsel further states that he sought the subpoenas at the request of the defendant. He also states that he did not become aware of witnesses Hite and Gates until he read Larkin's application for post-conviction relief.

■ The standard by which the performance of trial counsel will be judged was set forth in *State v. Tucker*, 97 Idaho 4, 8, 539 P.2d 556, 560 (1975), wherein we adopted the language of *United States v. DeCoster*, 159 U.S.App.D.C. 326, 331, 487 F.2d 1197, 1202 (1973): "a defendant is entitled to the reasonably competent assistance of an attorney acting as his diligent conscientious advocate." The American Bar Association's "Standards Relating to the Defense Func-

tion" (1971) were recognized as a starting point from which clearer guidelines as to the meaning of reasonably competent assistance of counsel could be developed.

■ The obligation of defense counsel is "to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty." American Bar Association's "Standards Relating to the Defense Function" § 4.1 (1971). However, this court has held in *State v. Perez*, 99 Idaho 181, 184, 579 P.2d 127, 130 (1978), that "the course of investigation will naturally be shaped by a defendant's disclosure to his counsel, by his mental condition, by counsel's preliminary knowledge of the evidence against the defendant and by a variety of factors, many peculiar to each given case."

■ In the case at bar, Larkin apparently decided to not inform his counsel of witness Hite. Larkin himself did not become aware of Gates potential testimony until after trial. We hold that no allegations are made regarding the defense counsel's investigation and failure to discover Gates or Hite that indicate that Larkin was denied reasonably competent assistance of counsel. The mere fact that a defendant comes up with names of potential witnesses that were not discovered before trial does not in and of itself raise a presumption that the defendant was denied reasonably competent assistance of counsel. This Court in *State v. Elisondo*, 97 Idaho 425, 426, 546 P.2d 380, 381 (1976), has held that "[w]e cannot presume the denial of competent assistance of counsel without a basis for objective analysis of counsel's performance."

*State v. Tucker, supra* at 10, 539 P.2d at 562, held:

"This court will not attempt 'to second guess strategic and tactical choices made by trial counsel'. *United States v. DeCoster*, 159 U.S.App.D.C. 326, 487 F.2d

we hold that neither of these documents raise any issue that is not already raised by Larkin's affidavit that was properly submitted to and

considered by the trial court, we need not consider them in this review.

1197, 1201 (1973). However, when counsel's trial strategy decisions are made upon the basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation, the defendant may well have been denied the competent assistance of counsel."

The trial counsel's decision of what witnesses to call is encompassed in that aspect of trial counsel's role denominated "trial tactics" or "strategy choices." *See State v. Elisondo, supra.* In the instant case, defendant-appellant contends that the trial counsel's waiting until the day prior to trial to have a subpoena issued indicates that the witnesses were not called based upon a tactical or strategical decision but, rather, based upon inadequate preparation of counsel. We disagree. Trial counsel's affidavits explain that he had the subpoena issued for these witnesses at defendant's request and that he had decided after interviewing the witnesses prior to trial that their testimony would either be damaging, irrelevant, or not helpful. While it is possible to see how aspects of these witnesses' testimony may have been helpful, it is also possible to see how the over-all testimony may have been damaging. This is an area where we will not second guess counsel without evidence of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation.

 This Court has held that pursuant to I.C. § 19–4906 it is not error for a trial court to dismiss an application without affording an evidentiary hearing if the allegations do not entitle applicant to relief. *Cooper v. State,* 96 Idaho 542, 531 P.2d 1187 (1975); *Smith v. State,* 94 Idaho 469, 491 P.2d 733 (1971); *Clark v. State,* 92 Idaho 827, 452 P.2d 54 (1969). "Allegations contained in the application are insufficient for the granting of relief when they are clearly disproved by the record of the original proceeding, or do not justify relief as a matter of law." *Cooper v. State, supra* at 545, 531 P.2d at 1190. We hold as a matter of law that the trial counsel's actions in the case at bar were within the tactical and strategical role of which we will not second guess. Furthermore, we cannot say in this case that trial counsel's decisions prior to trial to forego calling the witnesses in question or his having a subpoena issued the day before trial at the request of the defendant were the result of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. Since resolution of all disputes raised by the affidavits in a light most favorable to the defendant-appellant would not entitle him to relief as a matter of law, his motion for an evidentiary hearing was properly denied. *Cooper v. State, supra; Smith v. State, supra; Clark v. State, supra.*

The order dismissing the application for post-conviction relief is *affirmed.*

BAKES, C.J., McFADDEN and SHEPARD, JJ., and SCOGGIN, J. pro tem., concur.