695 P.2d 1272

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Chip C. ZIEGLER, Defendant-Appellant.**

**No. 14827.**

Court of Appeals of Idaho.

Feb. 6, 1985.

Stephen S. Hart, Idaho Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

Before HUNTLEY, Acting C.J., and WALTERS and TOWLES, Acting JJ., Special Panel.

TOWLES, Acting Judge.

## HISTORY

In the early morning hours of March 14, 1982, Bill Woodward was stabbed and fatally wounded on a country road near Salmon, Idaho. Earlier that evening, on March 13, four people from the Salmon area were drinking beer and driving around town. The group consisted of Ken Fitte and his girlfriend Linda Schollmeyer, and defendant Chip Ziegler and his girlfriend Robin Gage.

The four were riding in Fitte's car when they pulled into a store's parking lot where a large group of people were gathered. Bill Woodward was one of the people there. Woodward made a derogatory comment about Fitte's car, and as a result he and Fitte began fighting. The fight ended a short time later with Woodward apparently getting the better of Fitte.

Fitte wanted to fight Woodward again. Thus, under the guise of an invitation to join him and his three friends in smoking some marijuana, Fitte feigned "making up" with Woodward and convinced him to join the group in Fitte's car. The five people drove a short distance from town where Fitte stopped the car. Fitte exited the car, pulled Woodward out, and began beating up on Woodward. Ziegler also got out of the car to observe the fight. Fitte severely beat Woodward. Sometime during the fight, or near its end, Woodward was stabbed. He was taken to a hospital by the other four people, where he died approximately eight hours later.

Based upon the testimony of Fitte that Ziegler had stabbed Woodward, Ziegler was held to answer charges of first degree murder. After a jury trial, the defendant was found guilty of second degree murder and sentenced to a prison term of 15 years. Since Ziegler was found to have used a deadly weapon in the stabbing of Woodward, a five-year determinate sentence to

run consecutive to the 15-year term was also given, pursuant to I.C. § 19–2520.

Ziegler raises five issues on appeal: (1) whether the district court impermissibly allowed into evidence hearsay statements which were prejudicial to Ziegler's case; (2) whether one State witness should not have been allowed to testify since he was not disclosed to Ziegler's counsel as I.C. § 19–1302 provides until he was called to testify; (3) whether Ziegler's counsel at trial was incompetent, thereby denying Ziegler the constitutional right to be represented by effective counsel; (4) whether there was sufficient evidence, as a matter of law, to sustain Ziegler's second degree murder conviction; and (5) whether the sentence imposed by the district court was an abuse of discretion. We address each issue in turn.

## I.

■ At trial both Fitte and Schollmeyer testified that while the five were driving away from town to the spot where Fitte stopped his car to get out and fight Woodward, Gage stated to everyone that Woodward had put his hand on her lap and leg. Gage and Ziegler denied that Gage made any such statement.

Defense counsel objected to the testimony on hearsay grounds. We hold that the statement was properly admitted.

"Hearsay" is defined as all statements, other than those made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. *Frank v. City of Caldwell*, 99 Idaho 498, 499, 584 P.2d 643, 644 (1978); *see also,* Fed.R.Evid. 801(c). The hearsay rule excludes all evidence that falls within the hearsay definition set out above unless a specific exception applies.

In this case it is clear that Gage's statement was not hearsay, since the State was not using the statement to prove the truth of the matter asserted—that Woodward did in fact put his hand on Gage's lap. The State's purpose for introducing the evidence was to suggest a motive to explain Ziegler's actions—that he would be an-

gered upon hearing of Woodward's alleged sexual advances to Ziegler's girlfriend, Gage, and retaliate accordingly.

Whether Woodward did in fact put his hand on Gage's lap is irrelevant to this case. What is relevant is whether Gage made the statement at all. Concerning this issue we have Fitte and Schollmeyer saying she did and Ziegler and Gage saying she did not. Resolution of this issue was a factual matter for the jury to decide.

## II.

■ Ziegler's next argument is that the district court improperly allowed Rickey Lee Browning to testify for the State. Browning's testimony was particularly damaging to Ziegler in that he testified that he overheard Ziegler in jail admit to stabbing Woodward.

Ziegler argues that the district court should not have allowed Browning to testify because the State did not properly endorse his name on its information as I.C. § 19–1302 then required. The record shows the State did not know of Browning's testimony until the day before the trial. The State notified defense counsel immediately as to the substance of Browning's testimony. Upon defense counsel's proper objection, the State moved to have Browning's name endorsed on the information. The district court granted this motion.

In interpreting I.C. § 19–1302, the Supreme Court has held that witnesses may be endorsed on an information after the trial begins if the defendant would not be surprised or prejudiced. *State v. Coburn*, 82 Idaho 437, 444–45, 354 P.2d 751, 754–55 (1960); *State v. Hoagland*, 39 Idaho 405, 228 P. 314 (1924). Great caution should be exercised by the district court before allowing a witness' name to be endorsed in such circumstances. *Coburn, supra,* 82 Idaho at 444, 354 P.2d at 755.

■ The record does not demonstrate that Ziegler was either surprised or prejudiced by Browning's testimony. First, the

record reveals that defense counsel knew of Browning, and secured a subpoena for him to testify. Thus, we find no evidence of surprise. Second, the remedy, if surprise or prejudice had existed, is to request a continuance. *See State v. Olsen,* 103 Idaho 278, 284, 647 P.2d 734, 740 (1982). Here, defense counsel made no such request even though the district court indicated that such a motion would be considered. Accordingly, we reject Ziegler's argument on this issue.

### III.

■ Mr. Ziegler's third argument is that he was denied effective assistance of counsel. In Idaho, a criminal defendant is entitled to reasonably competent assistance of counsel. *State v. Larkin,* 102 Idaho 231, 233, 628 P.2d 1065, 1067 (1981); *State v. Tucker,* 97 Idaho 4, 8, 539 P.2d 556, 560 (1975).

■ The burden of proof in a post-conviction relief proceeding is on the defendant to prove by a preponderance of evidence that he was not effectively represented. *State v. McKenny,* 101 Idaho 149, 152, 609 P.2d 1140, 1143 (1980); *State v. Tucker, supra,* 97 Idaho at 17, 539 P.2d at 564. While not expressly saying that the defendant has the same burden of proof concerning this issue on direct appeal, our Supreme Court in *State v. Kraft,* 96 Idaho 901, 905–06, 539 P.2d 254, 258–59 (1975), applied the standard set forth in *Tucker, supra,* of "reasonably competent assistance" to the facts in *Kraft* in denying defendant's claim of ineffective counsel. The burden of proof the court employed was at least that of a preponderance of the evidence.

■ In this case, Ziegler has failed to carry his burden of proof. He has not pointed out how or in what way his trial counsel denied him effective assistance of counsel. A mere allegation of ineffective assistance of counsel is insufficient to support such a claim. Accordingly, Ziegler has failed his burden of proof, and we, therefore, reject his claim on this issue.

### IV.

■ Ziegler next argues that the evidence is insufficient to sustain his second degree murder conviction. I.C. § 18–4001 defines murder as "the unlawful killing of a human being with malice aforethought." I.C. § 18–4003 sets forth six categories of unlawful killings that constitute first degree murder. I.C. § 18–4003(g) states that all other kinds of murder which do not fall within one of the enumerated categories of first degree murder, are to be considered second degree. Thus, to support a second degree murder conviction, there must be in the record evidence of an unlawful killing and of malice aforethought.

Review of the record—involving over 900 pages of transcript—leads us to conclude that there is substantial, competent evidence by which the jury could conclude that Ziegler unlawfully killed, with malice, Bill Woodward. Ken Fitte testified that he saw Ziegler stab Woodward; Linda Schollmeyer testified that she did not see the actual stabbing, but that Ziegler was the only person near Woodward when he was stabbed; both Fitte and Schollmeyer testified that Ziegler asked Fitte if he (Ziegler) could stab Woodward; Ricky Lee Browning testified that he overheard Ziegler incriminate himself while he was in jail; Ziegler admitted to having a knife the night of the stabbing; Robin Gage, Ziegler's girlfriend, admitted throwing Ziegler's knife away after the stabbing; and finally, Ziegler failed to rebut the following presumption: where a defendant uses a deadly weapon in a deadly manner, the element of malice can be presumed. *State v. Warden,* 100 Idaho 21, 24, 592 P.2d 836, 839 (1979).

We are not unmindful of evidence that Ziegler introduced, which conflicts with that which the State produced. It was the jury's duty, however, to resolve these conflicts, and this Court, on appeal, will not reweigh evidence or disturb a verdict where there is competent, although conflicting, evidence which sustains the verdict beyond a reasonable doubt. *State v. Mor-*

*ris,* 101 Idaho 120, 122, 609 P.2d 652, 654 (1980).

## V.

 Ziegler's last argument is that the district court abused its discretion in sentencing Ziegler to a 15-year indeterminate sentence for the second degree murder conviction, and to a five-year determinate enhanced penalty, pursuant to I.C. § 19–2520, to run consecutive with the 15-year sentence, for use of a deadly weapon in the commission of the crime. The maximum sentence for second degree murder is life, while the maximum penalty pursuant to § 19–2520 is 15 years.

"A sentence fixed within the limits prescribed by statute will ordinarily not be considered an abuse of discretion by the trial court." *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). Reasonableness is the fundamental guidepost by which this Court must determine whether the sentence imposed is excessive. *Id.* The burden of showing unreasonableness is on the defendant. *State v. Olsen, supra,* 103 Idaho at 285, 647 P.2d at 741.

Ziegler has failed to meet his burden of proof. Essentially, Ziegler makes two arguments. First, that the sentence was based on the crime, and not the defendant, in order to appease public pressure; and second, that the evidence used to convict Ziegler was circumstantial and conflicting. Neither argument is persuasive. Our review of the district court's sentence convinces us that it is reasonable in all respects and, accordingly, not an abuse of discretion.

Since the issue was not raised, we do not comment on the propriety of imposing a fixed term sentence as an enhancement of an indeterminate sentence.

For the foregoing reasons, we affirm Ziegler's conviction and sentence.

HUNTLEY, Acting C.J., concurs.

WALTERS, Acting J., concurring specially.

I concur in the foregoing opinion. In respect to the sentence imposed, I agree that it is reasonable, applying the approach announced in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).