846 P.2d 191

Nicholas CHENOWETH,
Plaintiff–Appellant,

v.

Thomas Daniel SANGER; Stephen Bell; Allen Bowles; Estate of Clifford O. Garver; Cochrane, Goffinet and Clack, Chartered; Ronald Hanes, individually and as Guardian Ad Litem for Amber Dawn Hanes, a minor child; Michael Neal Norton, Guardian Ad Litem for Melanie Rae Norton and Eric Michael Norton, minor children; County of Clearwater; and all unknown persons claiming an interest in the property of Thomas Daniel Sanger, Defendants–Respondents.

No. 19117.

Supreme Court of Idaho,
Lewiston, October Term, 1992.

Jan. 29, 1993.

Henderson, Hadley & Grow, Lewiston, for appellant. Clinton J. Henderson argued.

Allen V. Bowles, Moscow, for respondents Bell and Bowles.

.

Robert E. Kinney, Orofino, for respondents Hanes and Norton.

TROUT, Justice.

This is an action for collection of interest on a judgment. Although the factual history is somewhat complex, this is simply an action for collection of interest on a judgment. For the reasons hereafter stated we affirm the judgment of the trial court.

## I.

### STATEMENT OF FACTS

The relationship between the parties to this action originated when defendant Thomas Daniel Sanger (Sanger), who is not a party to this appeal, retained appellant Nicholas Chenoweth (Chenoweth) to represent him in a felony case in which Sanger was charged with murder. Respondent Allen V. Bowles (Bowles) was later brought in as co-counsel and it was agreed that Chenoweth's and Bowles' attorney fees would be secured by a lien against real property in which Sanger had a one-half interest. Before Sanger's case came to trial both Chenoweth and Bowles withdrew and Stephen Bell (Bell) was substituted as counsel, with the same agreement that he would have his fees secured by a lien on the real property. Shortly after the felony case was commenced against Sanger, Robert E. Kinney brought a wrongful death action on behalf of Ronald L. Hanes and Michael Neal Norton (Hanes and Norton) acting as guardians of the surviving minor children of the two women murdered by Sanger.

Chenoweth originally brought suit in district court to collect the attorney fees for the time during which he represented Sanger. Thereafter both Bowles and Bell attempted to secure their fees through notes and mortgages against the real property. Chenoweth obtained a judgment against Sanger for $26,788.58 plus interest which he then attempted to collect by sale on execution. Before that could be accomplished Hanes and Norton forced Sanger into an involuntary bankruptcy.

As a part of the bankruptcy case, Judge Young was asked to determine the priority of the Chenoweth judgment and the mortgages of Bowles and Bell. He did so and determined that Chenoweth had a first priority based upon the lis pendens he had filed at the commencement of his suit against Sanger, and that Bowles and Bell had second and third priorities respectively. Thereafter part of the real property was sold by the bankruptcy trustee and Chenoweth was paid the sum of $28,160.38. The record presented to this Court reflects only that the remaining real property was abandoned by the trustee.

Chenoweth thereafter brought a foreclosure action against Sanger to foreclose on the remaining real property in Sanger's name alleging that he had not yet been paid in full and was entitled to additional principal and interest since the filing of the bankruptcy. After considering Chenoweth's position on a motion for summary judgment, the district judge entered judgment for Chenoweth concluding that Chenoweth was entitled to post bankruptcy petition interest since he was an oversecured creditor as defined in Section 506(b) of the Bankruptcy Code.

Respondents Bowles and Bell then brought a motion to alter or amend judgment, asking the court to reconsider its earlier decision in light of the principles of res judicata and equity. The court did so and concluded that because Chenoweth never claimed post-petition interest in his bankruptcy petition, res judicata barred his later attempt to assert that right in his foreclosure action. The district judge also concluded that the court retained equitable powers to deny post-petition interest. In this instance he opined that because Chenoweth had already received his original judgment amount plus interest, while the two other attorneys and the surviving minor children had received nothing, it would be inequitable to give Chenoweth any more money. Thus the district judge reversed his earlier decision denying Chenoweth's motion for summary judgment and dismissing the complaint. It is from that decision that Chenoweth now appeals.

## II.

### APPELLANT IS BARRED BY THE DOCTRINE OF RES JUDICATA FROM ASSERTING A CLAIM TO POST–PETITION INTEREST IN STATE COURT WHICH HE DID NOT CLAIM IN BANKRUPTCY COURT

The district judge found that Chenoweth never raised a claim for post-petition interest in the bankruptcy court. We have been provided nothing in the record

from which we could review this factual finding of the district judge. It is the responsibility of the parties to provide a sufficient record to this Court from which we can exercise review. *Hodges v. Hodges,* 103 Idaho 765, 653 P.2d 1177 (1982). Without that record, we must conclude that the district judge was correct that no request for interest accruing after the bankruptcy filing was made by Chenoweth in the bankruptcy proceeding.

■ Generally, failure to assert a claim in bankruptcy court constitutes a waiver of that claim. *See Matter of Am. Biomaterials Corp.,* 954 F.2d 919, 927 (3d Cir.1992). By failing to raise the claim of post-petition interest in the earlier bankruptcy proceedings, Chenoweth is barred from claiming post-petition interest in subsequent state court proceedings. *Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 804 P.2d 319 (1990).

## A. INTEREST ON JUDGMENTS

Appellant argues that res judicata does not apply in this case because interest automatically attached to his judgment in bankruptcy court. In support of this argument, appellant first claims that interest automatically attaches to judgments in Idaho. This issue is governed by I.C. § 28–22–104 which provided in part at the time judgment was entered in this case as follows:

> 28–22–104. LEGAL RATE OF INTEREST.
>
> (2) The legal rate of interest on money due on the judgment of any competent court or tribunal shall be eighteen cents (18¢) on the hundred by the year.

The statute has since been amended to change the manner of calculating interest on judgments but that amendment does not affect this analysis.

■ While this Court has not been called upon to rule specifically on this issue, it seems clear that this statutory provision is quite definite in its allowance of interest on judgments in Idaho. We have in the past concluded that because post-judgment interest is a statutory creation in Idaho, the court does not have discretion to determine the rate of interest to be awarded on a judgment. *Rayl v. Shull Enters., Inc.,* 108 Idaho 524, 700 P.2d 567 (1985). Implicit in that decision, however, is a recognition that interest is automatically allowed on judgments and is allowed at the statutory rate then provided.

## B. POST–PETITION INTEREST IN BANKRUPTCY

■ Although we agree that interest automatically attaches to judgments in Idaho, that does not resolve the issue of whether post-petition interest continues automatically in bankruptcy proceedings. The general rule in bankruptcy under pre-Code [1] law was that the running of interest ceased when a bankruptcy petition was filed. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 246, 109 S.Ct. 1026, 1033, 103 L.Ed.2d 290, 301 (1989) *citing Sexton v. Dreyfus,* 219 U.S. 339, 344, 31 S.Ct. 256, 257, 55 L.Ed. 244, 245 (1911). It is clear that interest on ordinary claims stops when a petition in bankruptcy is filed. *United States v. River Coal Co.,* 748 F.2d 1103, 1108 (6th Cir.1984) *citing New York v. Saper,* 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949).

■ One exception to the general rule disallowing post-petition interest relates to post-petition interest on oversecured claims. *See* 11 U.S.C. § 506(b) (1978 & Supp.1992). After the Supreme Court decision in *Ron Pair* there is no question that both consensual and nonconsensual oversecured creditors can receive post-petition interest under 11 U.S.C. § 506(b).[2] However, even after the decision in *Ron Pair,* it appears that bankruptcy courts still retain

---

1. "Code" refers to Chapter 11 of the Bankruptcy Code of 1978.

2. In 1984, when the bankruptcy court awarded Chenoweth priority, the Supreme Court had not addressed the issue of whether nonconsensual oversecured creditors were entitled to post-peti-tion interest, and the circuit courts were split on the issue. Under these circumstances we cannot assume that the bankruptcy court automatically included interest on a judgment at a time when it was not clear that Chenoweth was even entitled to such interest.

some limited discretion in awarding post-petition interest. *See Matter of Lapiana*, 909 F.2d 221, 222 (7th Cir.1990) (the decision in *Ron Pair* did not completely extinguish the power of a bankruptcy judge to abate an award of post-petition interest). Furthermore, post-petition interest is not automatically awarded on all claims in bankruptcy court. *Matter of Pierce*, 935 F.2d 709, 714 (5th Cir.1991) (court was reluctant to determine sua sponte the issue of post-petition interest where no request for such interest was made and where a debtor had received a discharge). Post-petition interest is a claim which properly could have and should have been brought before the bankruptcy judge. As indicated previously the only record we have on appeal is the district judge's finding that no such claim was made.

### III.

CONCLUSION

Section 506(b) does not state, and *Ron Pair* does not hold, that courts must automatically award post-petition interest on all judgments in bankruptcy proceedings. This Court will not, and cannot, declare that post-petition interest automatically attaches to a claim in bankruptcy court. Because no claim for post-petition interest was raised in the bankruptcy proceeding in this case, Chenoweth is barred from claiming it now. Based on this holding there is no need for us to address the equitable considerations also discussed and relied upon by the trial court.

The decision of the district court is hereby affirmed. Costs are awarded to respondents on appeal. No attorney fees awarded.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.