8 P.3d 664

**In the Matter of the ESTATE OF Kenneth N. BOYD, Deceased.**

**Bingham Memorial Hospital, Petitioner–Respondent,**

v.

**John Boyd as personal representative of the Estate of Kenneth N. Boyd, deceased, Respondent–Appellant.**

No. 24527.

Court of Appeals of Idaho.

May 16, 2000.

Rehearing Denied June 26, 2000.

Review Denied Sept. 15, 2000.

Parmenter Law Office, Blackfoot, for respondent. David N. Parmenter argued.

SCHWARTZMAN, Judge.

The estate of Kenneth Boyd (estate), through its administrator John Boyd (John), appeals from the magistrate's granting of Bingham Memorial Hospital's (BMH) claim for judgment against the estate for compensation for medical services rendered to Kenneth Boyd (Kenneth) during his lifetime.

## I.

### FACTS AND PROCEDURE

Kenneth was admitted to BMH on August 27, 1993, by his second and then-current wife, Lorraine Boyd, and his stepson, Robert Rhodehouse. Rhodehouse signed most of the admitting documents in Lorraine's presence, but Kenneth himself did not sign any documentation. John, Kenneth's child from his prior marriage and the eventual personal representative of Kenneth's estate, was not present and did not sign any admitting forms either, but was made aware of his father's hospitalization. BMH provided services to Kenneth through July 22, 1994. In total, Kenneth's hospitalization charges amounted to $29,312.

Kenneth died on July 23, 1994, and John accepted the status of personal representative of the estate on July 29, 1994. On August 5, John published a notice to creditors in accordance with I.C. § 15–3–801. BMH filed a claim with the estate pursuant to I.C. § 15–3–804 on August 8. On January 25, 1995, John, as representative of the estate, filed a notice of disallowance of BMH's claim. Thereafter, BMH filed an amended claim alleging an implied contract between BMH and Kenneth and requesting attorney fees pursuant to I.C. §§ 12–120 and 12–121. BMH filed a petition for allowance of its claim pursuant to I.C. § 15–3–806, and issued several demand letters to John, but the claim continued to be disputed. In June of 1996, the estate requested a pre-trial conference, but none was ever held.[1]

---

Kerr Law Office, Blackfoot, for appellant. Robert M. Kerr argued.

1. John claims that the estate was denied due process because a pre-trial conference was never held after he properly requested one, in violation of I.R.C.P. 16(d). In reviewing the estate's mo-

A court trial was eventually held on October 23, 1996. The magistrate found that the medical services provided to Kenneth were necessary and voluntarily accepted, and that Kenneth was not admitted to BMH against his will. The magistrate ruled that the case was a "simple straight-forward collection case" and found that valuable services were rendered to Kenneth and that he would have been liable for their payment had he lived. The court found that "under [the] circumstances, the law implies an agreement and obligation to pay for said goods and services." The magistrate went on to award attorney's fees to BMH "as may be established under the appropriate rules of IRCP since [BMH] is clearly the prevailing party." The court entered a judgment against the estate for the principal amount of $29,312, plus interest of $9,053.77 and attorney fees of $6,000, for a total of $44,365.77.

The estate appealed to the district court, which affirmed the magistrate's memorandum decision and judgment. It now appeals to this Court, asserting numerous issues for our review.[2]

## II.

### THE MAGISTRATE HAD PROPER SUBJECT MATTER JURISDICTION TO ADJUDICATE BMH'S CLAIM AGAINST THE ESTATE

■ The estate first asserts that because the magistrate courts are vested with subject matter jurisdiction over claims under $10,000 pursuant to I.R.C.P. 82(c)(2)(A) and BMH's claim was for substantially more, the magistrate was without subject matter jurisdiction to hear this case. We disagree.

In *Keeven v. Estate of Keeven*, 126 Idaho 290, 882 P.2d 457 (Ct.App.1994), this Court addressed a similar contention by an appellant, wherein we stated that this type of argument "misapprehends Idaho law re-

garding the matters which may be assigned to magistrates." *Id.* at 294, 882 P.2d 457. While it is true that I.R.C.P. 82(c)(2)(A) limits the jurisdiction of magistrates to claims under $10,000, Idaho Code § 1–2208 separately sets forth the general jurisdiction of magistrates, which includes "proceedings in the probate of wills and administration of estates of decedents." As we have said before, "clearly, the $10,000 value limit of subsection (c)(2)(A) does not apply to the *separate conferral* upon magistrates of jurisdiction for probate and estate administration proceedings under ... I.C. § 1–2208." (Emphasis added.). *Id.* at 295, 882 P.2d 457. Accordingly, this jurisdictional argument is without merit.

## III.

### THE MAGISTRATE DID NOT ERR WHEN IT FOUND AN IMPLIED–IN–LAW CONTRACT EXISTED BETWEEN KENNETH BOYD AND BMH

#### A. Standard of Review

■ Where the magistrate's findings of fact are supported by competent and substantial evidence, we will not disturb them. *Sun Valley Shamrock v. Travelers Leasing*, 118 Idaho 116, 118, 794 P.2d 1389, 1391 (1990). It is the duty of the appellant to provide an adequate record on appeal. *Chenoweth v. Sanger*, 123 Idaho 189, 191, 846 P.2d 191, 193 (1993). Where the appellant fails to include important documents on appeal, we will not presume error by the lower court, but rather will presume that the information contained in those documents supports the findings of the lower court. *Id.* This is relevant to our inquiry because the estate waived preparation of a trial transcript, over BMH's objection. *See* I.R.C.P. 83(j)(2)(A).

tion for a pre-trial conference, we note that the magistrate never ruled on the motion and John never raised the issue again, even though he had ample opportunity. Because the estate did not pursue a pre-trial conference again before trial, we deem the estate's claim to a pre-trial conference waived. In any event, if the magistrate erred by failing to conduct a pretrial conference,

such did not affect the substantial rights of the estate and therefore was harmless.

2. Several of the estate's asserted issues are clearly lacking in merit and therefore will not be addressed by this Court.

**B. An Express Contract Between Two Parties Does Not Preclude A Court From Finding An Implied–In–Law Contract Between Different Parties For The Same Services**

The estate argues that because it never challenged BMH's claim that there existed an express contract between Roadhouse and BMH for the provision of medical care to Kenneth, that fact must be accepted. The estate further claims that where there exists an express contract for the provision of services, a court is precluded from finding an implied-in-law contract for the same services. This argument overlooks one important factor—the express contract and the implied-in-law contract involved different parties. Where an express contract exists, an implied contract between the same parties for the same contractual purpose is precluded from enforcement. *Triangle Mining Co. v. Stauffer Chemical Co.*, 753 F.2d 734, 742 (9th Cir.1985); *Jones v. University of Central Oklahoma*, 910 P.2d 987, 990 (Okla.1995); *see also Idaho Lumber, Inc. v. Buck*, 109 Idaho 737, 744, 710 P.2d 647, 654 (Ct.App.1985); *Marshall v. Bare*, 107 Idaho 201, 205, 687 P.2d 591, 595 (Ct.App.1984). Such is not the case here, however, and BMH may pursue the estate on a theory of implied-in-law contract.

**C. It Was Not Necessary To Allege That Kenneth Boyd Contracted For BMH's Services Because This Was An Implied–In–Law Contract**

The equitable principles of unjust enrichment, quasi-contract, or quantum meruit are remedies founded on an agreement implied-in-law to give reasonable value for services performed. 42 C.J.S. *Implied Contracts* § 24 (1991). To justify recovery, a plaintiff must not only show he rendered valuable services, but also must show that the defendant has been unjustly enriched and the plaintiff would be unjustly penalized if the defendant were permitted to retain the benefits of the services without paying. *Id.* Ordinarily, when one party renders services for another, which are accepted by him, the law creates an obligation, called an implied-in-law contract, on his part to pay a reasonable compensation. 42 C.J.S. *Implied Contracts* § 26 (1991).

In order to establish a prima facie case for an implied-in-law contract, the plaintiff must show that there was (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would make it inequitable for the defendant to retain the benefit without payment to the plaintiff of the value thereof. *Idaho Lumber, Inc.* 109 Idaho at 745, 710 P.2d at 655. The services must be rendered under such circumstances as to indicate that the person rendering them expected to be paid, and that the recipient expected, or should have expected to pay for them. 42 C.J.S. *Implied Contracts* § 26 (1991). The actual intent of the party upon whom the benefit is conferred is immaterial, so long as a reasonable person in the same circumstances would have understood that a benefit had been conferred and that the conferring party did so in reasonable expectation of payment. *Kennedy v. Forest*, 129 Idaho 584, 587, 930 P.2d 1026, 1029 (1997).

Therefore, BMH was not required to allege that Kenneth actually contracted for medical services to be provided by BMH. The contract was implied from the parties' respective actions.

**D. Summary**

The estate has never contested that a benefit was conferred upon Kenneth during his lifetime. It has not been contested that Kenneth appreciated that such benefit was being performed for his well-being. It would also be inequitable for Kenneth's estate to retain this benefit without paying BMH a reasonable value. The magistrate determined that "the care and treatment extended to Mr. Boyd was necessary and reasonable." As stated previously, this Court must presume that the missing transcript substantially and competently supports this finding, and all other findings of fact challenged by the estate, because the estate waived preparation of a trial transcript.

Where necessary and reasonable medical services are rendered by a hospital

and received by a patient, a contract implied-in-law is formed to mandate remuneration. *Galloway v. Methodist Hospitals, Inc.,* 658 N.E.2d 611 (Ind.App.1995) (holding that in order to be valid, a claim need not be based on an express contract but may rest on an implied obligation to pay for medically necessary services arising from the facts and circumstances); *Estate of Crisan,* 362 Mich. 569, 107 N.W.2d 907 (1961) (finding that such implied-in-law contracts are formed in order that a person needing help in an emergency and not able to ask for it should obtain it, the attainment of such a result being aided by assuring compensation to the person rendering aid); *Landmark Medical Center v. Gauthier,* 635 A.2d 1145 (R.I.1994) (holding that an implied-in-law contract is formed when medically necessary services are rendered even without mutual assent).

■ The measure of damages in a claim for unjust enrichment is the value of the benefit bestowed upon the defendant which, in equity, would be unjust for him or her to retain without compensating the plaintiff. *Idaho Lumber, Inc.,* 109 Idaho at 747, 710 P.2d at 657. Because the estate has not challenged the amount of principal awarded to BMH, but only the liability for the account, the magistrate's finding that $29,312 was reasonable remuneration for the value of the benefit bestowed upon Kenneth during his life will not be disturbed. Therefore, we affirm the ruling that an implied-in-law contract was created between Kenneth and BMH in the amount of $29,312.

## IV.

### THE MAGISTRATE ERRED BY AWARDING A FIXED JUDGMENT AGAINST THE ESTATE INSTEAD OF SIMPLY ALLOWING BMH'S CLAIM AGAINST THE ESTATE

■ A creditor of an estate may not receive payment without filing a timely claim that is subsequently allowed by the estate's representative or a judicial body. Idaho Code § 15–3–806(c) provides that "a judgment ... against a personal representative to enforce a claim against a decedent's estate is an allowance of the claim." Therefore, BMH's judgment against the estate must be treated as if John had allowed the claim from the outset and must only be paid in the due course of administering the estate. *McElroy v. Whitney,* 24 Idaho 210, 213–14, 133 P. 118, 118 (1913). BMH's claim is subject to priority classification under I.C. 15–3–805 like all other creditor claims. BMH is not entitled to a direct money judgment against the estate to be paid before satisfaction of other debts with superior classification.

## V.

### THE MAGISTRATE INCORRECTLY CALCULATED THE DATE FROM WHICH INTEREST MAY BE COMPUTED

The magistrate's judgment and order dated February 7, 1997, awarded $9,053.77 in interest to BMH without stating from what date interest would run. This interest was calculated based upon a principle of $29,312 at an interest rate of 12 percent.[3] BMH asserts that the interest should be calculated as of June 30, 1994. The magistrate's decision mirrored the recommendation of BMH and was further based upon the magistrate's determination that BMH's claim was upon an open account. Specifically, the magistrate found that "the interest rate on [BMH's] claim should be calculated at the highest legal rate allowed upon on open account."[4]

■ As we have previously ruled, however, BMH's theory of recovery is grounded in quasi-contract, i.e. one implied-in-law; not on a theory of open account. John filed his notice to creditors in compliance with I.C. 15–3–801 on August 5, 1994, thus starting the four-month period for creditors to file their

---

**3.** At this rate, the principle would accumulate $293 per month in simple interest, or $9,083 in thirty-one months. Extrapolating backwards, the interest had to have been computed from approximately July 1, 1994.

**4.** Even if the magistrate had correctly viewed this as an open account subject to I.C. § 28–22–104(1)(6), interest could only begin to accumulate on or after October 22, 1994, i.e. "three (3) months from the date of the last item" charged to that account.

claims. I.C. § 15–3–803. Idaho Code § 15–3–806(d) provides that "allowed claims bear interest at the legal rate for the period commencing sixty (60) days after the time for original presentation of the claim has expired." Therefore, the interest on BMH's claim could not begin to accumulate until six months after John first published his notice to creditors.

Accordingly, this issue is remanded to the magistrate for recalculation of interest from February 5, 1995.

## VI.

## ATTORNEY FEES

 The magistrate awarded attorney fees to BMH as if this were a straightforward collection case under an open account. We again reiterate that BMH's claim was based on an implied-in-law contract, an equitable legal fiction that creates a quasi-contractual obligation in order to prevent unjust enrichment. A true contractual obligation was not BMH's ultimate theory of recovery. "In a quasi-contract case, the recovery is not based on a *contractual* obligation at all, but an obligation *imposed by law*." *Idaho Lumber, Inc.*, 109 Idaho at 744, 710 P.2d at 654 (emphasis in original). While we recognize that attorney fees are awardable under I.C. § 12–120(3) when a claim is initiated to recover on an open account, we have rejected this characterization of the action. Accordingly, an award of attorney fees under I.C. § 12–120(3) upon an open account theory cannot stand.

## VII.

## CONCLUSION

We conclude that the magistrate court had subject matter jurisdiction to adjudicate this case, and that an implied-in-law contract between Kenneth and BMH was properly established. However, the form of judgment entered in BMH's favor by the magistrate was erroneous under I.C. § 15–3–806(c). BMH's remedy was to receive an allowed claim against the estate, subject to priority classification, not a money judgment against the estate, payable immediately. On re-

mand, the form of judgment shall be reformed accordingly. Furthermore, we conclude that the amount of interest awarded to BMH by the magistrate was improperly calculated. The interest due to BMH shall be recalculated on remand in accordance with I.C. § 15–3–806(d). Finally, because BMH's claim against the estate was not founded upon a contractual open account, the award of attorney fees to BMH must be reversed. Each party having prevailed in part on this appeal, we award no costs or attorney fees.

Chief Judge PERRY and Judge LANSING concur.