**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 45920**

| | | |
|---|---|---|
| **DEANN C. TURCOTT,** | ) | |
| | ) | |
| **Plaintiff-Counterdefendant-** | ) | |
| **Appellant,** | ) | **Moscow, April 2019 Term** |
| | ) | |
| **v.** | ) | **Opinion Filed: June 7, 2019** |
| | ) | |
| **THE ESTATE OF CLARENCE D. BATES,** | ) | **Karel A. Lehrman, Clerk** |
| **CLINTON D. BATES, Personal** | ) | |
| **Representative, and The Bates Family Trust** | ) | |
| **dated the 20th day of November, 2015;** | ) | |
| **JANET N. BATES, CLINTON D. BATES** | ) | |
| **and SHERRAL BATES, Co-Trustees,** | ) | |
| | ) | |
| **Defendants-Counterclaimants-** | ) | |
| **Respondents.** | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Richard Christensen, District Judge.

The decision of the district court is <u>affirmed</u>. Costs, but not attorney fees, <u>awarded</u> to the Estate.

Bistline Law, PLLC, Coeur d'Alene, Attorneys for Appellant. Arthur M. Bistline argued.

Holmes Law Office, P.A., Coeur d'Alene, Attorneys for Respondent. Edwin B. Holmes argued.

_____

BEVAN, Justice

## I. NATURE OF THE CASE

This appeal concerns a district court's award of damages. Believing that she would be inheriting half of her father Clarence Bates' estate, Deann Turcott and her husband spent considerable time and money making improvements on Clarence's land. However, Clarence subsequently changed his will and left Deann nothing. Deann filed suit seeking quantum meruit damages for the work she had performed. The district court held that quantum meruit damages

were not appropriate and awarded damages under a theory of unjust enrichment. Deann appealed the district court's award of unjust enrichment damages as inadequate. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Clarence executed a will devising his real property to his two children, Deann and Clint, to "share and share alike." From 2007 to 2014, Deann and her husband moved onto Clarence's property and spent considerable time, effort, and money towards the upkeep of the property including: cultivating fields that had become overgrown with weeds; raising hay crops; raising cattle; maintaining fencing; clearing brush; restoring a barn; maintaining and repairing farm equipment; and performing administrative work associated with the farm and timberlands. Deann also built a personal residence on the property in 2012. The evidence showed that most of this work was not performed at the request of Clarence, but it was done with his knowledge. Deann testified the improvements and work were done in anticipation of her inheriting half of Clarence's estate. However, in 2014 Clarence remarried, and in 2015, Clarence revoked his previous will and placed all of his property in trust for himself and his new wife, Janet. In his new will Clarence declared "I purposefully have excluded my daughter, Deann C. Turcott as a devisee of my estate and my daughter, Deann C. Turcott shall take nothing from my estate."

On September 22, 2016, Deann initiated this lawsuit against her father Clarence, his wife Janet, and Deann's brother Clint, to enforce Clarence's alleged promise to maintain his 1996 will. During the litigation Clarence passed away and his estate and the Bates Family Trust (collectively "the Estate") were substituted as the real parties in interest, and Clint and Janet were dismissed in their personal capacities but remained involved in their representative capacities. The district court later dismissed Deann's claim to enforce her father's alleged promise to maintain a will, but allowed Deann to amend her complaint to seek quantum meruit damages for the work she performed on Clarence's land.

The matter went to trial where the issue before the district court was whether to award Deann damages measured in quantum meruit as she claimed, or based on unjust enrichment as claimed by the Estate. Following a bench trial, the district court awarded what it characterized as unjust enrichment damages. Deann was awarded $136,402.50, itemized in the following categories:

1. Turcott Residence - $130,000.00
2. Barn Repair - $3,497.94

2

3. Forestry Work- $531.94

4. Other Reimbursable - $854.42

5. Taxes and Insurance - $136.14

6. Water Adjudication - $1,382.06

On February 2, 2018, Deann filed a motion for reconsideration – again requesting that the district court award damages under a theory of quantum meruit instead of unjust enrichment. Deann argued that if the Court would not reevaluate its decision to award unjust enrichment damages, that it was an error to award any sums other than the value of the residence and $136.14, an amount Clarence had specifically asked Deann to pay; thus, Deann effectively asked the district court to reduce her award to $130,136.14. On March 6, 2018, Deann revised her motion for reconsideration to request that in the event the court would not award quantum meruit damages, it should increase its award under unjust enrichment by $153,717.41.

The district court denied Deann's motion to reconsider:

> [T]he Court based its decision on the substantial evidence presented at trial. The Court is also free in a court trial to find reasonable inferences from the evidence presented. The Court found by reasonable inference that the defendants were unjustly enriched as to the renovations of the barn by the cost of materials and such was the reason for the Court to award those damages in the amount of $3,497.94.

On March 23, 2018, the district court entered a final judgment. On April 12, 2018, Deann filed a timely notice of appeal.

### III. ISSUES ON APPEAL

1. Whether Deann has failed to provide an adequate record for appellate review.

2. Whether the district court erred when it awarded Deann damages for unjust enrichment instead of for quantum meruit.

3. Whether the district court should have also awarded Deann damages for the amount she saved Clarence in property taxes by her efforts to maintain his property tax exemptions.

4. Whether the Estate should be awarded attorney fees on appeal.

### IV. STANDARD OF REVIEW

This Court's standard of review of the trial court's findings of fact is outlined in Idaho Rule of Civil Procedure 52(a), which states in pertinent part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . . . Findings of fact shall not be set aside unless clearly

3

erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear personally before it.

In determining whether a finding is clearly erroneous this Court does not weigh the evidence as the district court did. The Court inquires whether the findings of fact are supported by substantial and competent evidence. *Id. See also, Viebrock v. Gill*, 125 Idaho 948, 951, 877 P.2d 919, 922 (1994) (citations omitted). This Court will not substitute its view of the facts for the view of the district judge. *Carney v. Heinson*, 133 Idaho 275, 281, 985 P.2d 1137, 1143 (1999). Evidence is regarded as substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact had been proven. However, this Court exercises free review over the district judge's conclusions of law. *Id.*

*In re Williamson*, 135 Idaho 452, 454, 19 P.3d 766, 768 (2001).

## V. ANALYSIS

As an initial point of clarification, the district court erred by considering Deann's motion for reconsideration. Motions to reconsider are appropriate when they concern a trial court's *orders* "entered before final judgment," I.R.C.P. 11.2, while motions to address a trial court's findings of fact and conclusions of law should be the subject of an Idaho Rule of Civil Procedure 52(b) motion, which provides:

On a party's motion filed no later than 14 days after the entry of judgment, the court may amend its findings, or make additional findings, and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

I.R.C.P. 52(b).

Even though Deann did not file a Rule 52(b) motion, the district court heard and considered her motion to reconsider, declining to revise its findings. We note this procedural flaw simply to reiterate that motions to reconsider are an inappropriate means to address a trial court's findings after a trial. That said, given that the trial court considered the motion as framed, we will reach the merits of Deann's appeal.

## A.     Deann has provided a sufficient record to permit review.

Neither party included a transcript from the two-and-a-half day bench trial in the record on appeal. "It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error." *Greenfield v. Smith*, 162 Idaho 246, 253, 395 P.3d 1279, 1286 (2017) (quoting *Belk v. Martin*, 136 Idaho 652, 661, 39 P.3d 592, 601 (2001)).

4

Rather, "the missing portions of that record are to be presumed to support the action of the trial court." *Rutter v. McLaughlin*, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980); *see also Talbot v. Desert View Care Ctr.*, 156 Idaho 517, 520, 328 P.3d 497, 500 (2014) (where appellant did not include a transcript as part of the record on appeal Court did not presume error in the findings of fact.).

The Estate argues that the district court's decision should be affirmed simply because Deann is asking this Court to second guess the district court's legal conclusions based on an incomplete factual record. Deann maintains that she is appealing from the district court's written findings of fact and conclusions of law and, to the extent the trial transcript is needed for appellate review, it was incumbent on the Estate to include it.

We conclude that the record is sufficient to allow for appellate review because the district court issued a written memorandum decision and order that was included in the record. However, without a transcript of the proceedings below, any findings of fact in that decision will be presumed to support the action of the trial court. *Rutter*, 101 Idaho at 293, 612 P.2d at 136. Even so, the crux of the issue on appeal involves a legal determination that is subject to free review. *Williamson*, 135 Idaho at 454, 19 P.3d at 768 ("Court exercises free review over the district judge's conclusions of law.").

**B.      The district court's award of unjust enrichment damages is affirmed.**

Deann argues that the district court erred when it refused to award damages based on quantum meruit for two reasons. First, Deann asserts the fact that Clarence knew work was being done was all that was necessary to award quantum meruit damages and it was irrelevant that Clarence did not request the work that was done. Second, Deann argues that it was likewise not relevant that the work was performed for her future benefit. Deann argues that it was undisputed that she anticipated inheriting half of Clarence's property and everyone understood that was why she was doing all the work. That said, Deann claims that the work was not done for her benefit because she did not ultimately inherit the property.

Quantum meruit and unjust enrichment are "simply different measures of equitable recovery." *Farrell v. Whiteman*, 146 Idaho 604, 612, 200 P.3d 1153, 1161 (2009). This appeal presents a unique question for this Court. Typically, "[t]his Court reviews the district court's rulings on equitable remedies for an abuse of discretion." *Climax, LLC v. Snake River Oncology of E. Idaho, PLLC*, 149 Idaho 791, 794–95, 241 P.3d 964, 967–68 (2010) (citing *O'Connor v.*

*Harger*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008)). As a result, such decisions are subject to the four-part abuse of discretion analysis:

> Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

In applying that standard here, however, we focus on the third prong of review. In doing so we acknowledge that the question before us is more a legal one than a review of the trial court's discretion. Legal standards applicable to quantum meruit or unjust enrichment damages are narrowly defined and do not leave room for a trial judge to choose one or the other in cases like this one.

Actions seeking relief in quantum meruit are based on principles that imply a contract between the parties. Thus, quantum meruit is the appropriate recovery under a *contract implied-in-fact*, when there is no express agreement between parties but their conduct evidences an agreement. *Barry v. Pac. W. Const., Inc.*, 140 Idaho 827, 834, 103 P.3d 440, 447 (2004) (citing *Peavey v. Pellandini*, 97 Idaho 655, 658, 551 P.2d 610, 613 (1976)). We have held that "[a]n implied-in-fact contract is defined as one where the terms and existence of the contract are manifested by the conduct of the parties *with the request of one party and the performance by the other* often being inferred from the circumstances attending the performance." *Clayson v. Zebe*, 153 Idaho 228, 233, 280 P.3d 731, 736 (2012) (emphasis added) (internal quotation omitted). Thus, the general rule is: "where the conduct of the parties allows the dual inferences that one performed at the other's request and that the requesting party promised payment, then the court may find a contract implied-in-fact." *Id.* (quoting *Gray v. Tri–Way Const. Servs., Inc.*, 147 Idaho 378, 387, 210 P.3d 63, 72 (2009)). Thus, for a court to act in equity and award damages based on quantum meruit, there must be facts supporting the dual inferences of a request by one party and performance by the other. Such damages are measured by "the reasonable value of the services rendered or of goods received, regardless of whether the defendant was enriched." *Barry*, 140 Idaho at 834, 103 P.3d at 447 (citing *Erickson v. Flynn*, 138 Idaho 430, 434–35, 64 P.3d 959, 963–64 (Ct. App. 2002)).

Conversely, unjust enrichment is the measure of recovery under a *contract implied-in-law*, which "is not a contract at all, but an obligation imposed by law for the purpose of bringing

about justice and equity without reference to the intent of the agreement of the parties, and, in some cases, in spite of an agreement between the parties." *Barry*, 140 Idaho at 834, 103 P.3d at 447. The measure of damages under a theory of unjust enrichment "is not the actual amount of the enrichment, but the amount of enrichment which, as between the two parties it would be unjust for one party to retain." *Beco Constr. Co., Inc. v. Bannock Paving Co*., Inc., 118 Idaho 463, 466, 797 P.2d 863, 866 (1990). To establish a claim for unjust enrichment, a plaintiff must prove: "(1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Lincoln Land Co., LLC v. LP Broadband, Inc*., 163 Idaho 105, 109, 408 P.3d 465, 469 (2017) (quoting *Stevenson v. Windermere Real Estate/Capital Grp., Inc*., 152 Idaho 824, 827, 275 P.3d 839, 842 (2012)). Thus, to recover damages for unjust enrichment the complaining party must establish that the equities of the case would otherwise make it unfair for the recipient of the enrichment to receive a benefit without making compensation for the value of that benefit.

We acknowledge that despite our efforts to differentiate between the measure of recovery under unjust enrichment and quantum meruit, *Barry*, 140 Idaho at 834, 103 P.3d at 447, over time some previous appellate decisions have overlapped and confused these doctrines, in particular in defining whether a contract is implied-in-fact (and subject to quantum meruit equitable recovery) or implied-in-law (and subject to unjust enrichment equitable recovery). Indeed, our Court of Appeals conflated these principles in *In re Estate of Boyd,* stating that "[t]he equitable principles of unjust enrichment, quasi-contract, or quantum meruit are remedies founded on an agreement implied-in-law to give reasonable value for services performed." 134 Idaho 669, 673, 8 P.3d 664, 668 (Ct. App. 2000). This is an incorrect statement of law which we disavow and expressly overrule today.

The district court held that quantum meruit damages were not appropriate based on the facts of this case, holding:

> In the present litigation, there was ample evidence that Clarence did not request the extensive work being done to the property. Time and again on cross-examination [Deann] testified that her father did not ask her to perform the various tasks that she undertook in farming, ranching and forest management, nor for her to pay the taxes and insurance or to undertake the renovations to the barn. As such is the case, the Court cannot find the existence of implied-in-fact contracts that would allow for quantum meruit to be the measure of damages.

Deann argues that the district court's holding is flawed because it was irrelevant that (1) Clarence did not request the work that was done; and (2) Deann performed the work for her own benefit. Deann's arguments are flawed under the standards reiterated above.

There is no evidence of an implied-in-fact contract here, particularly given the factual conclusion that Clarence did not request any of the work performed on his land. *Clayson*, 153 Idaho at 233, 280 P.3d at 736 (quantum meruit occurs "where the terms and existence of the contract are manifested by the conduct of the parties with the *request of one party* and the performance by the other often being inferred from the circumstances attending the performance.") (Emphasis added.)

Deann volunteered to perform the work and as a volunteer she cannot compel her father to become indebted to her through an implied-in-fact contract which never existed. Further, Deann performed the work for her own benefit and there is no evidence that Clarence ever agreed to pay her for that work. Indeed, Deann has not claimed that Clarence only promised to leave her half of his estate *if* she performed this work. Presumably, Clarence merely wanted to leave his estate to his next of kin, i.e., his children, in exchange for nothing. Knowing that, Deann—on her own accord—performed work on the property including building a home. While Deann did the work assuming she would be recovering half of Clarence's estate, that supposition is insufficient to support a claim for damages under quantum meruit. For quantum meruit to apply Clarence must have requested the work Deann performed and promised payment in exchange for that work. *Gray*, 147 Idaho at 387, 210 P.3d at 72 ("where the conduct of the parties allows the dual inferences that one performed at the other's request and that the requesting party promised payment, then the court may find a contract implied-in-fact."). The record before us contains no such facts.

Deann has failed to demonstrate, or even attempt to demonstrate, that the district court abused the third prong of its discretion. "The party asserting the abuse of discretion carries the burden of demonstrating that an abuse of discretion occurred, and a failure to do so is fatal to its argument." *Nielson v. Talbot*, 163 Idaho 480, 489, 415 P.3d 348, 357 (2018) (citing *Green River Ranches, LLC v. Silva Land Co., LLC*, 162 Idaho 385, 397 P.3d 1144, 1151 (2017)). Deann's failure in this regard is fatal to her appeal.

Clarence clearly received a benefit from Deann's work. The district court acknowledged as much in awarding unjust enrichment damages. "The essence of an action based upon unjust

8

enrichment is the claim that the defendant has been enriched by the plaintiff and that it would be inequitable for the defendant to retain that benefit without compensating the plaintiff for the value of the benefit." *Gillette v. Storm Circle Ranch*, 101 Idaho 663, 666, 619 P.2d 1116, 1119 (1980). We affirm the district court's determination that there was no implied-in-fact contract between Clarence and Deann – and that unjust enrichment damages were the appropriate measure of the enrichment that the estate acquired because of Deann's voluntary efforts. Because this Court was not provided a trial transcript, we are left to presume that the amount of the district court's award is supported by the evidence presented at trial and we affirm that award in all respects.

**C.      Deann is judicially estopped from appealing the tax exemption issue.**

Deann also requests that, if this Court finds that unjust enrichment damages were properly awarded, the case be remanded with instructions for the district court to modify its award of damages to award Deann the amount of money she saved Clarence in property taxes through her efforts to maintain his property tax exemptions. Deann argues that the district court erred in awarding Deann the amount for her services in maintaining Clarence's tax exemptions instead of the amount Clarence was enriched by her efforts. The Estate argues that Deann did not raise this issue at trial so she is precluded from raising it on appeal. Even if it was properly raised at trial, the Estate claims Deann admitted she presented no evidence to sustain an unjust enrichment award above $130,136.14 in her motion for reconsideration and she cannot now claim she is entitled to further damages for maintaining Clarence's tax exempt status.

"To properly raise an issue on appeal there must either be an adverse ruling by the court below or the issue must have been raised in the court below, an issue cannot be raised for the first time on appeal." *Bedard & Musser v. City of Boise City*, 162 Idaho 688, 691, 403 P.3d 632, 635 (2017) (quoting *Skinner v. U.S. Bank Home Mortg.*, 159 Idaho 642, 650, 365 P.3d 398, 406 (2015)). It is undisputed that Deann did not raise the tax exemption issue at trial. Still, Deann did request compensation for maintaining Clarence's tax exemptions in her amended memorandum in support of her motion for reconsideration. As a result, this question is properly before this Court.

However, in Deann's original motion for reconsideration she admitted that to the extent the district court would not reevaluate the case under a quantum meruit theory of recovery, that it

9

was error to award any sums other than the value of the residence and the $136.14 that Clarence specifically asked Deann to pay:

> It is error to include any additional sums beyond the value of the home because no evidence exists of the value of benefit conferred upon Clarence from the expenditure of those sums. "The measure of damages is not necessarily the value of the money, labor and materials provided by the plaintiff, but the value of the benefit actually realized by the defendant which, in good conscience, it would be unfair to retain without making remuneration to the plaintiff." *Matter of Estate of Keeven*, 126 Idaho 290, 297, 882 P.2d 457, 464 (Ct. App. 1994).

> It is not error to include the $136.14 in the judgment because the Court found that Clarence specifically requested that those sums be paid.

Despite Deann's later efforts to walk this statement back in her amended memorandum, this was a judicial admission that now constrains Deann. "A judicial admission is a statement made by a party or attorney, in the course of judicial proceedings, for the purpose, or with the effect, of dispensing with the need for proof by the opposing party of some fact." *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 765, 86 P.3d 475, 479 (2004). "To be a judicial admission a statement must be a deliberate, clear, and unequivocal statement of a party about a concrete fact within the party's knowledge." *Vanderford Co. v. Knudson*, 150 Idaho 664, 673, 249 P.3d 857, 866 (2011). As a result of Deann's judicial admission that she should not be awarded any additional sums beyond the cost of the residence and the $136.14 requested by Clarence, we decline Deann's request to remand the case for further review of the district court's award of damages.

### D.     No attorney fees will be awarded on appeal.

The Estate requests attorney fees under Idaho Code section 12-121 arguing that Deann is merely re-hashing the same arguments raised before the district court, i.e., that Deann continues to argue that because Clarence knew of the work she is automatically entitled to quantum meruit damages. Deann maintains that her appeal is not frivolous because the district court ignored existing Idaho precedent; accordingly, attorney fees under section 12-121 are not appropriate.

This Court may award attorney fees to the prevailing party under Idaho Code section 12-121 if the Court is left with the belief that the proceeding was brought, pursued or defended frivolously, unreasonably, or without foundation. I.C. § 12-121. An award of such fees is appropriate when the "appellant has only asked the appellate court to second-guess the trial court by reweighing the evidence or has failed to show that the trial court incorrectly applied well-

10

established law." *Fuquay v. Low*, 162 Idaho 373, 379, 397 P.3d 1132, 1138 (2017) (internal quotation omitted). Further, this Court has awarded fees under section 12-121 when an appellant presents "substantially the same arguments on appeal as it did before the district court on judicial review and failed to add significant new analysis or authority to support its arguments." *Id*.

We find that attorney fees under Idaho Code section 12-121 are not appropriate because of the inconsistent application of quantum meruit and unjust enrichment damages by Idaho's appellate courts as set forth in this opinion. Some of this confusion stems from the statement by the Court of Appeals in *In re Estate of Boyd* 134 Idaho at 673, 8 P.3d at 668, that unjust enrichment, quasi-contract, or quantum meruit are remedies all founded on an agreement implied-in-law. Misstatements like this undercut the Estate's assertion that Deann's appeal was contrary to "well-established law." Ultimately, we do not find that Deann's appeal was frivolous and decline to award attorney fees on appeal.

## VI. CONCLUSION

The district court's decision is affirmed. Costs, but not attorney fees, awarded to the Estate.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.